IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

| | |
|---|---|
| V.O.S. SELECTIONS, INC., et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | **MOTION OF THE INSTITUTE FOR POLICY INTEGRITY AT NEW YORK UNIVERSITY SCHOOL OF LAW TO FILE AN AMICUS CURIAE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION** <br><br> No. 25-00066-GSK-TMR-JAR |

Pursuant to Rule 76 of the Rules of the United States Court of International Trade, the Institute for Policy Integrity at New York University School of Law (Policy Integrity) respectfully requests that the Court grant leave to appear as *amicus curiae* in this action and to file a brief that will assist the Court in reviewing the Plaintiffs' pending motion (ECF 10). The proposed *amicus curiae* brief is being filed simultaneously.

In support of this motion, Policy Integrity states as follows:

1. Policy Integrity is a nonpartisan, not-for-profit think tank dedicated to improving the quality of government decisionmaking through advocacy and scholarship in the fields of administrative law, economics, and public policy.

2. Policy Integrity's staff and faculty director, Richard L. Revesz, have published scholarship on administrative law including the major questions doctrine. *See, e.g.*, Natasha Brunstein & Richard L. Revesz, *Mangling the Major Questions Doctrine*, 74 Admin. L. Rev. 317 (2022); Natasha Brunstein & Donald L. R. Goodson, *Unheralded*

1

*and Transformative: The Test for Major Questions After* West Virginia, 47 Wm. & Mary Env't L. & Pol'y Rev. 47 (2022); Richard L. Revesz & Max Sarinsky, *Regulatory Antecedents and the Major Questions Doctrine*, 36 Geo. Env't L. Rev. 1 (2023). Policy Integrity and its faculty director have also filed *amicus curiae* briefs in litigation involving the major questions doctrine. *See* Br. of the Inst. for Pol'y Integrity as *Amicus Curiae* in Supp. of Defs.-Appellees, *Utah v. Su*, 109 F.4th 313 (5th Cir. 2024) (No. 23-11097); Br. of the Inst. for Pol'y Integrity as *Amicus Curiae* in Supp. of Neither Party, *Sweet v. Cardona*, 121 F.4th 32 (9th Cir. 2024) (No. 23-15049); Br. of Richard L. Revesz as *Amicus Curiae* in Supp. of Resp'ts, *West Virginia v. EPA*, 597 U.S. 697 (2022) (No. 20-1530).

3. Policy Integrity has an interest in the development and proper application of administrative law. Policy Integrity therefore submits the proposed *amicus curiae* brief to aid the Court by ensuring it has a complete and accurate understanding of the major questions doctrine. Although parties often argue that the major questions doctrine applies to interpretive questions of "economic and political significance," these factors alone have never been sufficient in the Supreme Court to trigger the doctrine. Rather, the cases "extraordinary" enough to trigger the doctrine have been ones "in which the 'history *and* the breadth of the authority that [the government] has asserted,' *and* the 'economic and political significance' of that assertion, provide a 'reason to hesitate.'" *West Virginia v. EPA*, 597 U.S. 697, 721 (2022) (quoting *FDA v. Brown & Williamson Tobacco Co.*, 529 U.S. 120, 159–60 (2000)) (emphasis added); *accord Biden v. Nebraska*, 600 U.S. 477, 501 (2023).

4. In this case, Plaintiffs correctly argue that the President's use of the International Emergency Economic Powers Act (IEEPA) to impose the challenged tariffs triggers the major questions doctrine. But Plaintiffs do not fully state the doctrine or properly explain why it is triggered here. This brief fully lays out the doctrine, explains that it is not focused simply (or even primarily) on economic and political significance, and aligns the major questions argument with the Supreme Court's precedents setting forth the doctrine's full requirements.

5. Because the resolution of this case could affect other pending and future litigation and regulatory proceedings, and because Policy Integrity can provide useful context to the Court about the legal issues involved, this Court should grant Policy Integrity's motion to participate as amicus curiae.

6. Policy Integrity is filing this brief within the deadline that this Court set for plaintiffs in a companion case, *State of Oregon et al. v. Trump et al.* (1:25-cv-00077), to file a brief setting forth their position on Plaintiffs' pending motion in this case. Accordingly, this motion will neither delay the Court's consideration of Plaintiffs' pending motion for injunctive relief nor prejudice any party.

**CONCLUSION**

For the forgoing reasons, Policy Integrity respectfully requests that the Court grant this motion and accept for filing the accompanying amicus curiae brief.

Dated: May 8, 2025                    Respectfully submitted,

<div style="margin-left: 40%">

/s/ Max Sarinsky
Max Sarinsky
INSTITUTE FOR POLICY INTEGRITY
139 MacDougal Street, Third Floor
New York, NY 10012
(212) 992-8932
max.sarinsky@nyu.edu
*Counsel for Institute for Policy Integrity*

</div>

4

## CERTIFICATE OF SERVICE

      I hereby certify that on May 8, 2025, I electronically filed this motion and accompanying *amicus curiae* brief with the Clerk using the CM/ECF system, which I understand to have caused service of the filing to all counsel of record.

Dated: May 8, 2025                   Respectfully submitted,

                                                /s/ Max Sarinsky
Max Sarinsky
INSTITUTE FOR POLICY INTEGRITY
139 MacDougal Street, Third Floor
New York, NY 10012
(212) 992-8932
max.sarinsky@nyu.edu
*Counsel for Institute for Policy Integrity*

## IN THE UNITED STATES COURT
## OF INTERNATIONAL TRADE

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | No. 25-00066-GSK-TMR-JAR |

### **ORDER**

Upon consideration of the motion of proposed *amicus curiae* Institute for Policy Integrity at New York University School of Law for leave to file a *Brief as Amicus Curiae in Support of Plaintiffs*, it is hereby:

**ORDERED** that the motion is granted; and it is further:

**ORDERED** that the proposed *Brief of the Institute for Policy Integrity at New York University School of Law as Amicus Curiae in Support of Plaintiffs* is accepted for filing; and it is further:

**ORDERED** that the movant be admitted to participate in these proceedings as *amicus curiae*.

Dated: _____, 2025          _____
New York, NY                                                    JUDGE