IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

Before Honorable Gary S. Katzmann, Judge, Honorable
Timothy M. Reif, Judge, Honorable Jane A. Restani, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 25-00066-GSK-TMR-JAR |

**Proposed Order**

Upon consideration of V.O.S. Selections, Inc., Plastic Services and Products, LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC (collectively, "Plaintiffs")'s Motion for Permanent Injunctive Relief, and after due deliberation, it is hereby:

ORDERED that Plaintiffs' Motion for Permanent Injunctive Relief is granted; and it is further

ORDERED that the operation of all tariffs imposed under the International Emergency Economic Powers Act, Pub. L. No. 95-223, Tit. II, 91 Stat. 1626 (50 U.S.C. § 1701 et seq.) (IEEPA), be permanently enjoined; and it is further
ORDERED that within 10 calendar days, Defendants shall issue all necessary administrative orders to effectuate the permanent injunction, including the issuance of any administrative orders necessary to promptly refund all tariffs paid, with interest, under IEEPA.

Dated: _____          _____
                           JUDGE, United States Court of International Trade

IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

Before Honorable Gary S. Katzmann, Judge, Honorable
Timothy M. Reif, Judge, Honorable Jane A. Restani, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 25-00066-GSK-TMR-JAR |

**Plaintiffs' Motion for Permanent Injunctive Relief**

In accordance with rules 7 and 65 of the Rules of the United States Court of International Trade, Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC move for an order permanently enjoining Defendants from enforcing any tariffs imposed under the International Emergency Economic Powers Act, Pub. L. No. 95-223, Tit. II, 91 Stat. 1626 (50 U.S.C. § 1701 et seq.) (IEEPA); and requiring Defendants to issue the necessary administrative orders to effectuate the permanent injunction and to issue refunds, with interest, of tariffs paid pursuant to IEEPA.

Plaintiffs request that this Court issue the following relief:

(A) issue an order permanently enjoining the operation of all tariffs imposed under IEEPA;

(B) issue an order requiring the government to issue all necessary administrative orders to effectuate the permanent injunction, including the administrative

1

orders necessary to promptly refund all tariffs paid, with interest, under IEEPA;

(C) award attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and any other applicable law; and

(D) grant other relief as this Court may deem just or proper.

Permanent injunctive relief is necessary in light of the existential threat that the IEEPA tariffs have posed to Plaintiffs. Thus, as soon as the Federal Circuit grants the motion to issue the mandate that Plaintiffs have simultaneously filed in the Federal Circuit, Plaintiffs respectfully request that this Court set a briefing schedule and hearing for this motion at the Court's earliest convenience.

In support, Plaintiffs rely upon their Complaint and the following Memorandum.

Dated: February 24, 2026　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *Neal Kumar Katyal*
　　　　　　　　　　　　　　　　　　　Neal Kumar Katyal
　　　　　　　　　　　　　　　　　　　Colleen E. Roh Sinzdak
　　　　　　　　　　　　　　　　　　　Milbank LLP
　　　　　　　　　　　　　　　　　　　1101 New York Ave. NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　202-835-7505
　　　　　　　　　　　　　　　　　　　nkatyal@milbank.com
　　　　　　　　　　　　　　　　　　　crohsinzdak@milbank.com

　　　　　　　　　　　　　　　　　　　Jeffrey M. Schwab
　　　　　　　　　　　　　　　　　　　Reilly W. Stephens
　　　　　　　　　　　　　　　　　　　James McQuaid
　　　　　　　　　　　　　　　　　　　Liberty Justice Center
　　　　　　　　　　　　　　　　　　　7500 Rialto Blvd.
　　　　　　　　　　　　　　　　　　　Suite 1-250
　　　　　　　　　　　　　　　　　　　Austin, Texas 78735
　　　　　　　　　　　　　　　　　　　512-481-4400
　　　　　　　　　　　　　　　　　　　jschwab@ljc.org
　　　　　　　　　　　　　　　　　　　rstephens@ljc.org
　　　　　　　　　　　　　　　　　　　jmcquaid@ljc.org

　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

**Table of Contents**

Memorandum in Support of Plaintiffs' Motion for
Permanent Injunctive Relief ........................................................................................ 1

I.    This Court should grant permanent injunctive relief
against the enforcement of tariffs imposed under IEEPA ................................ 3

II.    This Court should grant permanent injunctive relief that
enforces Defendants' stipulation that they would pay
IEEPA tariff refunds ......................................................................................... 4

Conclusion .................................................................................................................. 8

Certificate of Compliance

Certificate of Service

## Table of Authorities

**Cases**

*AGS Co. Auto. Sols.* v. *CBP*,
   --- F. Supp. 3d ---, 2025 WL 3634261
   (Ct. Int'l Trade Dec. 15, 2025) ................................................................................. 5

*eBay Inc.* v. *MercExchange, L.L.C.*,
   547 U.S. 388 (2006) ................................................................................................... 3

*Learning Res., Inc.* v. *Trump*,
   607 U.S. ---, 2026 WL 477534 (U.S. Feb. 20, 2026) ................................................. 1

*New Hampshire* v. *Maine*,
   532 U.S. 742 (2001) ................................................................................................... 5

*Trump* v. *CASA, Inc.*,
   606 U.S. 831 (2025) ................................................................................................... 3

*U.S. Shoe Corp.* v. *United States*,
   22 C.I.T. 880 (1998) .................................................................................................. 7

*United States* v. *U.S. Shoe Corp.*,
   523 U.S. 360 (1998) ................................................................................................... 7

*V.O.S. Selections, Inc.* v. *Trump*,
   149 F.4th 1312 (Fed. Cir. 2025) ........................................................................... 1, 3

**Rules & Regulations**

*Amended Procedure for Refunds of Harbor Maintenance Fees Paid
   on Exports of Merchandise*,
   Fed. Reg. 16,854 (Mar. 28, 2001) ............................................................................ 7

Executive Order 14,389, *Ending Certain Tariff Actions*,
   Federal Register (Feb. 24, 2026),
   https://public-inspection.federalregister.gov/2026-03832.pdf ........................... 3, 4

**Other Authorities**

*In re: Procedures for Entering a Stay in New IEEPA Tariff Cases*,
   Admin. Order 25-02 (Ct. Int'l Trade Dec. 23, 2025) ........................................... 5, 6

*'It is not up to me': Secretary Bessent pushes back against tariff refunds*,
  CNN (Feb. 22, 2026), https://www.cnn.com/2026/02/22/politics/video/treasury-secretary-scott-bessent-tariff-revenue-gorsuch-scotus-opinion-congress ................................................................................................. 6

Alan Rappeport and Colby Smith, *Supreme Court Tariff Ruling to Spur Chaotic Refund Process*,
  N.Y. Times (Feb. 20, 2026),
  https://www.nytimes.com/2026/02/20/business/supreme-court-tariffs-refunds.html ............................................................................................... 6

Case 1:25-cv-00066-3JP    Document 72    Filed 02/24/26    Page 8 of 18

IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

Before Honorable Gary S. Katzmann, Judge, Honorable
Timothy M. Reif, Judge, Honorable Jane A. Restani, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 25-00066-GSK-TMR-JAR |

**Memorandum in Support of Plaintiffs' Motion for Permanent Injunctive Relief**

On February 20, 2026, the Supreme Court entered judgment in this case, holding that the International Emergency Economic Powers Act ("IEEPA") does not authorize the President to impose tariffs, and it affirmed the Federal Circuit's decision invalidating the tariffs President Trump had imposed under IEEPA through various executive orders. *Learning Res., Inc.* v. *Trump*, 607 U.S. ---, 2026 WL 477534, at *13-14 (U.S. Feb. 20, 2026). The Federal Circuit's decision, in turn, affirmed the judgment of this Court that the President's IEEPA tariffs were unlawful, but it also vacated the injunctive relief this Court had imposed and remanded so that the Court could reconsider the propriety of "granting injunctive relief and the proper scope of such relief." *V.O.S. Selections, Inc.* v. *Trump*, 149 F.4th 1312, 1340 (Fed. Cir. 2025). Remand proceedings did not immediately follow, however, because the Federal Circuit stayed its mandate pending the Supreme Court's judgment, and provided that

1

no further proceedings should occur in this Court until the Federal Circuit's mandate issued. *V.O.S. Selections, Inc.* v. *Trump*, No. 25-1812, Dkt. No. 161 at 3 (Fed. Cir. June 10, 2025).

Now that the Supreme Court has entered its judgment, Plaintiffs have moved the Federal Circuit to issue its mandate in accordance with the terms of its stay, and—as soon as that occurs—Plaintiffs respectfully request that this Court initiate proceedings to enter injunctive relief vindicating the Supreme Court's judgment and the government's oft-repeated stipulation that it would provide refunds to plaintiffs once the tariffs were held unlawful.

Plaintiffs are small businesses that have been paying the exceedingly burdensome tariffs for almost a full year, and who have suffered the dire financial consequences of those tariff payments. It is therefore past time for Plaintiffs to receive the permanent injunction preventing any further imposition of unlawful IEEPA tariffs and requiring the government to issue the refunds that it has committed to provide.

Moreover, this Court's prompt action in this case will facilitate the prompt payment of refunds to the numerous other plaintiffs that have filed and will file IEEPA tariff challenges in this Court. Over 900 of those claims are currently stayed pending final resolution of this case, and the refund process in this case can be used as a template for providing swift relief in those other actions as well.

I.  **This Court should grant permanent injunctive relief against the enforcement of tariffs imposed under IEEPA.**

After this Court first issued its judgment in this case, the government challenged the scope of the injunction against the operation of the IEEPA tariffs before the Federal Circuit. That Court declined to hold that the original injunction was improperly broad, but it found that the Court should reconsider the propriety of its injunctive relief in light of *Trump* v. *CASA, Inc.*, 606 U.S. 831 (2025), and the four-factor standard for injunctive relief articulated in *eBay Inc.* v. *MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). See *V.O.S. Selections*, 149 F.4th at 1340. The Court therefore vacated the portions of the judgment concerning injunctive relief and remanded for this Court to reconsider the scope of the injunction. *Id.*

Because the Supreme Court has now held the IEEPA tariffs invalid, and the Supreme Court's decisions are obviously applicable nationwide, that Court's judgment renders the parties' dispute about the scope of the injunction largely academic. Regardless of whether this Court's permanent injunction against the operation of IEEPA tariffs applies solely to Plaintiffs or nationwide, the government cannot impose IEEPA tariffs on *anyone* without violating the Supreme Court's decision. Accordingly, Plaintiffs no longer seek to defend the nationwide scope of the injunction.

Plaintiffs do, however, respectfully request that this Court reenter a permanent injunction preventing the government from subjecting them to any unlawful IEEPA tariffs. Plaintiffs recognize that the President has issued an Executive Order lifting the tariffs the President had previously imposed under

3

IEEPA, Executive Order 14,389, *Ending Certain Tariff Actions*, Federal Register (Feb. 24, 2026),[1] but they seek permanent injunctive relief foreclosing any attempt to reimpose IEEPA tariffs through future orders.

## II. This Court should grant permanent injunctive relief that enforces Defendants' stipulation that they would pay IEEPA tariff refunds.

Plaintiffs also respectfully request that this Court enter an order requiring the government to issue the administrative orders necessary to promptly effectuate the invalidation of the IEEPA tariffs—including any administrative orders necessary to ensure that Plaintiffs swiftly receive the refunds, with interest, that the government has committed to provide.

1.  In the proceedings in this case, the government repeatedly stipulated that it would provide refunds to Plaintiffs if the tariffs were ultimately held unlawful. Thus, in seeking a stay pending appeal from this Court, the government stated that "[f]or any plaintiff who is an importer, … plaintiffs will assuredly receive payment on their refund with interest." Dkt. No. 59 at 8. Then, in successfully seeking the same relief from the Federal Circuit, the government stipulated that a stay of this Court's permanent injunction "would not cognizably harm plaintiffs" because "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." *V.O.S. Selections*, Dkt. No. 6 at 25 (Fed. Cir**.** May 29, 2025). Because the Federal Circuit granted the stay based on the motion with this representation,

---

[1] *Available at* https://public-inspection.federalregister.gov/2026-03832.pdf.

4

Defendants are now judicially estopped from retracting their stipulation or challenging the injunctive relief necessary to ensure refunds here.

Nor is this case the only one in which the government has made this stipulation. In follow-on suits filed by other plaintiffs seeking the invalidation of IEEPA tariffs and attendant refunds, the government has repeated its stipulation and clarified that it applies to *all* similarly situated plaintiffs. Most notably, in *AGS Co. Automotive Solutions* v. *CBP*, the government opposed plaintiffs' request for a preliminary injunction that would have facilitated the plaintiffs' ability to obtain a refund once the tariffs were found unlawful by the Supreme Court by asserting that the stipulation regarding refunds that the government first made "in April 2025, in the *V.O.S.* litigation" would apply to all plaintiffs. See No. 1:25-cv-255, Dkt. No. 25 at 3 (Ct. Int'l Trade Dec. 11, 2025) (government's opposition to preliminary injunction). The government subsequently reiterated that this stipulation would apply to all "current and future similarly situated plaintiffs." *Id.*, Dkt. No. 34 at 2 (Ct. Int'l Trade Jan. 8, 2026) (government's response to Court's Jan. 8, 2026 letter).

Based on the government's stipulation, this Court denied the requested preliminary injunctive relief in *AGS* and other related cases, observing that the government would be "estoppe[d]" from later disclaiming its stipulation. *AGS Co. Auto. Sols.* v. *CBP*, --- F. Supp. 3d ---, 2025 WL 3634261, at *2 (Ct. Int'l Trade Dec. 15, 2025) (citing *New Hampshire* v. *Maine*, 532 U.S. 742, 749 (2001)). And this Court subsequently issued an administrative order staying all of the other related cases involving similarly situated plaintiffs pending final judgment in *this* case. *In re:*

5

*Procedures for Entering a Stay in New IEEPA Tariff Cases*, Admin. Order 25-02 (Ct. Int'l Trade Dec. 23, 2025) (staying "unassigned cases and new cases" pending "a final, unappealable decision in V.O.S. Selections, Inc. v. United States").

  2. This Court should therefore issue injunctive relief that vindicates Defendants' stipulation by requiring Defendants to issue the administrative orders necessary to ensure that Plaintiffs promptly receive their refunds and the appropriate interest. In light of the stipulation, Plaintiffs presume that Defendants will not oppose this Court's issuance of the relief necessary to guarantee Plaintiffs' refunds and interest. But the Administration's recent public statements suggest that injunctive relief from this Court will be necessary to ensure the government promptly adheres to its commitments to pay. See *'It is not up to me': Secretary Bessent pushes back against tariff refunds*, at 0:40, CNN (Feb. 22, 2026) (Treasury Secretary Bessent stated that "[t]he Supreme Court remanded [refunds] down to a lower court, and you know, we will follow what they say, but that could be weeks or months when we hear [from] them.");[2] Alan Rappeport and Colby Smith, *Supreme Court Tariff Ruling to Spur Chaotic Refund Process*, N.Y. Times (Feb. 20, 2026) (President Trump stated, "'Wouldn't you think they would have put one sentence in there saying that keep the money or don't keep the money?' … 'I guess it has to get litigated for the next two years.'").[3]

---

[2] *Available at* https://www.cnn.com/2026/02/22/politics/video/treasury-secretary-scott-bessent-tariff-revenue-gorsuch-scotus-opinion-congress.
[3] *Available at* https://www.nytimes.com/2026/02/20/business/supreme-court-tariffs-refunds.html.

3. Plaintiffs also recognize that it may be necessary for this Court to fashion a more detailed injunction to ensure that Defendants adopt and implement the most expeditious means of providing accurate refunds and interest payments. That is particularly so because the procedures developed in this case may serve as a template for ensuring expeditious relief in the numerous other current and future cases covered by the government's stipulation.[4] Plaintiffs are willing to work with this Court and Defendants to fashion such relief in whatever manner this Court deems appropriate. And this Court may wish to consolidate the other related pending cases with this one to ensure the fair and prompt resolution of all of these IEEPA tariffs claims.

---

[4] This Court employed a similar approach with respect to the challenges to the Harbor Maintenance Fee that culminated in the Supreme Court invalidating the fee as an unconstitutional tax on exports. *United States* v. *U.S. Shoe Corp.*, 523 U.S. 360 (1998). As detailed in a subsequent report in the Federal Register, this Court developed a process for ensuring that the unlawfully charged taxes were repaid in the lead case, *U.S. Shoe Corp.* v. *United States*, No. 94-11-00668 (Ct. Int'l Trade), and then applied that process to ensure repayment in the thousands of additional follow-on cases filed in the CIT. See *Amended Procedure for Refunds of Harbor Maintenance Fees Paid on Exports of Merchandise*, Fed. Reg. 16,854, 16,854 (Mar. 28, 2001); *U.S. Shoe Corp.* v. *United States*, 22 C.I.T. 880 (1998).

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that this Court grant their motion for permanent injunctive relief and grant other relief as this Court may deem just or proper. A proposed order is attached.

Dated: February 24, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
202-835-7505
nkatyal@milbank.com
crohsinzdak@milbank.com

Jeffrey M. Schwab
Reilly W. Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, Texas 78735
512-481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products, LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

**Certificate of Compliance**

I, Neal Kumar Katyal, hereby certify that this motion and memorandum comply with the 14,000-word limitation of the United States Court of International Trade set forth in Standard Chambers Procedure § 2(B)(1) because the motion and memorandum contain 1,964 words total. In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this motion.

Dated: February 24, 2026                             Respectfully submitted,

                                                     /s/ *Neal Kumar Katyal*
                                                     Neal Kumar Katyal

                                                     *Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products, LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

**Certificate of Service**

I, Neal Kumar Katyal, one of the attorneys for Plaintiffs, certify that the foregoing document was filed electronically with the Court's Case Management/ Electronic Case Filing (CM/ECF) system on February 24, 2026. The Court and/or Clerk of Court may serve and give notice to counsel by CM/ECF electronic transmission.

Dated: February 24, 2026　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ *Neal Kumar Katyal*
　　　　　　　　　　　　　　　　　　Neal Kumar Katyal

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products, LLC d/b/a Genova Pipe, MicroKits LLC, FishUSA Inc., and Terry Precision Cycling LLC*