IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE

Before Honorable Gary S. Katzmann, Judge, Honorable

Timothy M. Reif, Judge, Honorable Jane A. Restani, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 25-00066 |

**UNOPPOSED MOTION FOR LEAVE OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA AND THE CONSUMER TECHNOLOGY ASSOCIATION TO FILE AN *AMICI CURIAE* BRIEF**

Pursuant to Rule 76 of the Rules of the United States Court of International Trade, proposed *amici curiae* the Chamber of Commerce of the United States of America and the Consumer Technology Association respectfully move for leave to file the attached *Brief of Amici Curiae the Chamber of Commerce of the United States of America and the Consumer Technology Association* in support of Plaintiffs' Motion for Permanent Injunctive Relief, Dkt. No. 72. The proposed *amici* seek to offer the Court the perspective of America's business community on the vital importance of facilitating a streamlined process for issuing tariff refunds in the wake of the Supreme Court's decision in *Learning Resources, Inc. v. Trump*, 607 U.S. ---, 2026 WL 477534 (U.S. Feb. 20, 2026). A copy of the proposed brief is attached to this motion.

## GROUNDS FOR LEAVE

Rule 76 requires a proposed *amicus* to "identify [its] interests" and "state the reasons why an *amicus curiae* is desirable." USCIT R. 76. Accordingly, this Court

> consider[s] several factors when determining whether it is appropriate to grant a motion for *amicus* status, including: (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the *amicus*; (3) whether counsel is capable of making arguments without the assistance of an *amicus*; (4) the strength of the information and argument presented by the potential *amicus curiae*'s interests; and (5) the usefulness of information and argument presented by the potential *amicus curiae* to the court.

*Irving Paper Ltd. v. United States*, 296 F. Supp. 3d 1369, 1373 (Ct. Int'l Trade 2018) (collecting citations). Proposed *amici* and their brief satisfy those criteria.

### A.  Interests Of Proposed *Amici*

Proposed *amici* have "direct interest[s] . . . that may be materially affected by a decision in this case," which "points in favor of granting the motion for *amicus* status." *Irving Paper*, 296 F. Supp. 3d at 1373.

The Chamber of Commerce of the United States of America is the world's largest business federation. It represents approximately 300,000 direct members and indirectly represents the interests of more than three million companies and professional organizations of every size, in every industry, and from every region of the country. An important function of the Chamber is to represent the interests of its members in matters before Congress, the Executive Branch, and the courts. To that end, the Chamber regularly files briefs as *amicus curiae* in cases, like this one, raising issues of concern to the Nation's business community.

The Consumer Technology Association (CTA) is North America's largest technology trade association. CTA's members are the world's leading innovators—from startups to global brands—helping support more than 18 million American jobs. International trade is vital to the consumer technology sector. CTA's members rely on global supply chains that are intricate and often take decades to develop. CTA therefore frequently advocates in court and before Congress to promote fair and sustainable trade practices, as well as other significant legal issues for the consumer technology industry.

The disposition of this case is of paramount importance to the business community. The tariffs imposed under the International Emergency Economic Powers Act (IEEPA) caused substantial harm to *amici*'s members—increasing their costs, undermining their ability to plan for the future, affecting their relationships with customers and thus their goodwill, and in some cases, threatening their very existence. Both the Chamber and CTA participated as *amici* in support of the challengers both in the Federal Circuit and Supreme Court. *See Amici Curiae* Brief of the Chamber of Commerce of the United States of America and the Consumer Technology Association, *V.O.S. Selections, Inc. v. Trump*, No. 25-1812, Dkt. No. 108 (Fed. Cir. July 8, 2025); Brief of the Chamber of Commerce of the United States of America and the Consumer Technology Association in Support of Respondents, *Trump v. V.O.S. Selections*, No. 25-250 (U.S. Oct. 24, 2025). Now that the Supreme Court has held that the IEEPA tariffs were unlawful, it is vital to *amici*'s members that a process be swiftly established to provide refunds to relieve those harms.

B.     **Relevance Of Brief**

The brief of proposed *amici curiae* addresses several matters relevant to the disposition of the case, including its views on "central issues not otherwise represented." *Irving Paper*, 296 F. Supp. 3d at 1373. First, the brief explains why this Court should facilitate a streamlined procedure that ensures the timely and efficient payment of refunds for everyone, not only the parties to this case. Second, the brief discusses the long history and modern practice of the government providing large-scale tariff refunds. Third, the brief explains that individualized litigation is unnecessary under the Supreme Court's decision in *Trump v. CASA*, would prove prohibitively expensive to many businesses, and would flood this Court's docket with mass claims. Fourth, the brief explains why existing administrative procedures are impractical in the present context. And finally, the brief draws on the history of the Harbor Maintenance Tax refunds to urge this Court to fashion refund procedures that are similarly simple and accessible to all businesses, and explains that the government already has the tools and information to carry out such procedures.

C.     **Timeliness**

Leave to file is also warranted because this brief is timely and, alternatively, because there is good cause for its filing now. "An amicus curiae must file its brief within the time allowed the party whose position the amicus curiae brief will support unless the court for cause shown grants leave for later filing." USCIT R. 76. This Court did not set a "time allowed" for the filing of Plaintiffs' Motion, so it is unclear whether that requirement applies here. *Id.* But even if it does, *amici* have moved for leave "within the time" necessary to supplement the "position the amicus curiae brief

4

will support." *Id.* Defendants have 21 days to respond to the Motion, after which Plaintiffs have 21 days to file a reply. USCIT R. 7(d). *Amici*'s motion for leave thus comes weeks before Plaintiffs' reply brief will finalize their "position" and arguments.

In any event, there is good cause for granting leave to file the brief of proposed *amici*. As explained in the previous section, the brief will assist the Court by providing analysis beyond that in Plaintiffs' Motion, as well as the perspective of business importers nationwide. Moreover, *amici* have labored diligently to present that perspective to the Court as quickly as possible. *Amici* here seek leave to file just two business days after the Federal Circuit issued the mandate, six business days after the filing of Plaintiffs' Motion, and eight business days after the Supreme Court invalidated the IEEPA tariffs. The proposed brief's value to the Court and its speedy preparation after new developments in this case both counsel in favor of granting leave.

### D. Party positions

On March 4, counsel for *amici* requested the position of each party on this motion. Plaintiffs and the government both consented to the motion. There is thus no "opposition to the entry of the [*amici*]." *Irving Paper*, 296 F. Supp. 3d at 1373.

## CONCLUSION

For these reasons, proposed *amici* respectfully request that the Court grant leave to file the attached amicus brief.

Respectfully submitted,

| | |
|---|---|
| Daryl Joseffer<br>Kevin R. Palmer<br>U.S. Chamber Litigation Center<br>1615 H Street, NW<br>Washington, DC 20062<br>(202) 463-5337<br><br>*Counsel for the Chamber of Commerce of the United States of America* | /s/ Gregory G. Garre<br>Gregory G. Garre<br>Roman Martinez[*]<br>Soren J. Schmidt<br>Latham & Watkins LLP<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, D.C. 20004-1304<br>(202) 637-2207<br>gregory.garre@lw.com<br><br>Jonathan T. Stoel<br>Katherine Wellington<br>Nicholas R. Sparks<br>Hogan Lovells US LLP<br>555 Thirteenth Street, NW<br>Washington, DC 20004<br>(202) 637-6634<br>jonathan.stoel@hoganlovells.com<br><br>*Counsel for Amici Curiae* |

Dated: March 4, 2026

---

[*] Application for admission to the U.S. Court of International Trade pending.