UNITED STATES COURT OF INTERNATIONAL TRADE

————————————————————————— :
                                                          :
V.O.S. SELECTIONS, INC.; PLASTIC          :
SERVICES AND PRODUCTS, LLC d/b/a  :
GENOVA PIPE; MICROKITS, LLC;             :
FISHUSA INC.; and TERRY PRECISION  :
CYCLING LLC;                                            :
                                                          :
                          Plaintiffs,                     :
                                                          :          Before: Richard K. Eaton, Judge
            v.                                            :
                                                          :          Court No. 25-00066
THE UNITED STATES OF AMERICA;       :
UNITED STATES CUSTOMS AND               :
BORDER PROTECTION; PETE R.              :
FLORES, in his official capacity as           :
Acting Commissioner for United States      :
Customs and Border Protection;                :
JAMIESON GREER, in his official             :
capacity as United States Trade                  :
Representative; OFFICE OF THE UNITED :
STATES TRADE REPRESENTATIVE;       :
and HOWARD LUTNICK, in his official  :
capacity as Secretary of Commerce;           :
                                                          :
                          Defendants.                   :
————————————————————————— :

**ORDER**

This case involves $166 billion. On February 20, 2026, the Supreme Court held that U.S.

Customs and Border Protection ("Customs") had unlawfully collected $166 billion in duties

imposed pursuant to the International Emergency Economic Powers Act ("IEEPA"). *See Learning*

*Res., Inc. v. Trump*, 146 S. Ct. 628 (2026). It is undisputed that the remedy for this unlawful

collection is for the United States Government to refund the unlawfully collected duties. *See*

*McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regul. of Fla.*,

496 U.S. 18 (1990).

The Honorable Rodney S. Scott is the Commissioner for U.S. Customs and Border Protection. In this role, Commissioner Scott "directs [Customs'] . . . trade enforcement, while facilitating $4 trillion in trade." *Commissioner's Office*, U.S. CUSTOMS AND BORDER PROTECTION, https://www.cbp.gov/about/leadership-organization/commissioners-office (last visited May 29, 2026). Thus, he is responsible for the assessment and collection of duties, and when required, for their refund. Importantly, Commissioner Scott is both a policy maker and an administrator.

On March 4, 2026, the court directed that all unlawfully collected IEEPA duties should be refunded to the importers that had made deposits. On March 6, Customs acknowledged that it had an obligation to refund the duties, and proposed that it develop a voluntary system for their return.

Under Commissioner Scott's direction, Customs expeditiously developed the Consolidated Administration and Processing of Entries ("CAPE") program, through which billions of dollars of unlawfully collected IEEPA duties have been returned to importers, and billions more are being processed. Nonetheless, there are billions of dollars of duties that currently cannot be processed by the CAPE program but still must be refunded. It is understood that most of the refunds that have been processed so far have gone to large importers, not small.

To date, Customs has not proposed a method for complying with the court's order to refund all of the unlawfully collected duties, including those owing to small importers.

Commissioner Scott's testimony is necessary to ascertain if it is the Government's policy to return all of the unlawfully collected duties either by complying with the court's order, or by some other means—that is, if it is the Government's policy to refund the duties to importers both large and small. There is $166 billion involved.

The court is fully aware of Customs' *Touhy* regulations and the separation of powers concerns that are potentially raised when an executive official is directed to appear in court. To the

extent such concerns exist here, the court has taken these matters into account in denying the

Government's motion.

Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Amend Order, ECF No. 88, is denied.


                                                 /s/ Richard K. Eaton
                                                     Judge

Dated:  May 29, 2026
       New York, New York