IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE
Before Honorable Richard K. Eaton, Judge

|  |  |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 25-00066-RKE |

**Plaintiff's Motion for Class Certification**

In accordance with Rule 23 of the Rules of the United States Court of International Trade, Plaintiff Terry Precision Cycling LLC moves for an order certifying the following class under Rule 23(b)(2):

> All importers who paid tariffs imposed under the International Emergency Economic Powers Act, Pub. L. No. 95-223, Tit. II, 91 Stat. 1626 (1977) (50 U.S.C. § 1701 *et seq.*) ("IEEPA") and who hold claims that are not currently eligible for processing and refund through the Consolidated Administration and Processing of Entries ("CAPE") program.

Plaintiff further requests that, upon certifying the class, this Court enter an injunction directing Defendants to make the CAPE system available to process and pay refund claims, with interest, for all class members. In support of this Motion, plaintiff submits the accompanying Memorandum of Law.

1

Dated: June 4, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
202-835-7505
nkatyal@milbank.com
crohsinzdak@milbank.com

Jeffrey M. Schwab
Reilly W. Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, Texas 78735
512-481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, Microkits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

2

IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE
Before Honorable Richard K. Eaton, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.,* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 25-00066-RKE |

**Proposed Order**

Upon consideration of Terry Precision Cycling LLC ("Plaintiff")'s Motion for
Class Certification, and after due deliberation, it is hereby ORDERED, ADJUDGED,
AND DECREED as follows:

1. Plaintiff has satisfied all requirements of Federal Rule of Civil Procedure 23
and Rule 23 of the U.S. Court of International Trade, and the Court certifies this
action as a class action as follows below.

2. Having satisfied the requirements of Federal Rule of Civil Procedure 23(b)(2)
and Rule 23 of the U.S. Court of International Trade, the following class is certified:

> All importers who paid tariffs imposed under the International
> Emergency Economic Powers Act, Pub. L. No. 95-223, Tit. II, 91 Stat.
> 1626 (1977) (50 U.S.C. § 1701 *et seq.*) ("IEEPA") and who hold claims
> that are not currently eligible for processing and refund through the
> Consolidated Administration and Processing of Entries ("CAPE")
> program.

3. Plaintiff is found to fairly and adequately protect the interests of the Class
and is appointed as the class representative.

4. Milbank LLP and the Liberty Justice Center are found to be adequate
counsel for the Class and are appointed co-lead counsel in this matter.

1

2

Dated: _____        _____
                         JUDGE, United States Court of International Trade

2

IN THE UNITED STATES COURT
OF INTERNATIONAL TRADE
Before Honorable Richard K. Eaton, Judge

| | |
|---|---|
| V.O.S. SELECTIONS, INC., *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | Case No. 25-00066-RKE |

**Memorandum of Law in Support of
Plaintiff's Motion for Class Certification**

On February 20, 2026, the Supreme Court held that the International Emergency Economic Powers Act ("IEEPA") does not authorize the President to impose tariffs. *Learning Res., Inc.* v. *Trump*, 146 S. Ct. 628 (2026). Because the Supreme Court held that *all* of the IEEPA tariffs were unlawfully collected, *id.* at 637, the government is required to process and pay refunds on *all* entries on which IEEPA tariffs were charged. But so far, the government has refused to open the Consolidated Administration and Processing of Entries ("CAPE") program for refunding IEEPA tariffs to entries that are more than 90 days past liquidation. Instead, the government insists that it needs individualized court orders to pay refunds on those purportedly "finally liquidated" entries, and it asserts that—under *Trump* v. *CASA, Inc.*, 606 U.S. 831 (2025)—this Court lacks the power to order relief for any importer that is not currently a plaintiff.

As explained in plaintiffs' simultaneously-filed response to this Court's order to show cause, the government's position is dead wrong. The government has the power to reliquidate any entry to refund the IEEPA tariffs, and *CASA* does not bar

1

the Court from ordering the government to process and pay refunds on *all* IEEPA tariffs through CAPE. But this Court can resolve any ambiguity as to *CASA*'s application by certifying a Rule 23(b)(2) class. Indeed, Rule 23(b)(2) is tailor-made for cases like this because it permits a court to certify a class of plaintiffs that are entitled to "indivisible" injunctive or declaratory relief. *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U.S. 338, 360 (2011) (citation omitted). That is precisely the case here: The Supreme Court has already held the IEEPA tariffs unlawful across the board, meaning that everyone who paid IEEPA tariffs is entitled to a refund through CAPE. This Court should therefore certify the proposed class of all importers who paid unlawful IEEPA tariffs on entries that are currently ineligible for CAPE, obviating any need for drawn-out litigation regarding the application of *CASA*.

### Legal Standard

"USCIT Rule 23 is essentially the same as Fed. R. Civ. P. 23." *Baxter Healthcare Corp.* v. *United States*, 925 F. Supp. 794, 797 n.4 (Ct. Int'l Trade 1996). Under USCIT Rule 23, a class may be certified where the four prerequisites of Rule 23(a) are satisfied—numerosity, commonality, typicality, and adequacy of representation—and the action falls within one of the categories described in Rule 23(b). USCIT Rule 23(b)(2) authorizes class certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." As the Supreme Court has explained, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared

unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360 (citation modified).

## Argument

### I. Rule 23(a)'s Prerequisites Are Satisfied.

#### A. The class is so numerous that joinder of all members is impracticable.

The proposed class is massive. Over 330,000 importers paid IEEPA tariffs, across more than 53 million entries. Of the $166 billion that was unlawfully collected under IEEPA, "there are billions of dollars of duties that currently cannot be processed by the CAPE program but still must be refunded." Dkt. No. 89 at 2. "[M]ost of the refunds that have been processed so far have gone to large importers, not small," leaving the vast majority of putative class members' claims outstanding. *Ibid.* Thus, a class of those who hold claims that cannot currently be processed readily satisfies Rule 23(a)'s numerosity requirement. *E.g.*, *Consol. Rail Corp.* v. *Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("numerosity is presumed at a level of 40 members"); *see also Baxter*, 925 F. Supp. at 796 (finding numerosity requirement was met when "[t]he number of potential claimants may be as high as one hundred thousand").

#### B. Commonality is satisfied because the question of law is identical for all class members.

There is very little left to dispute in this case. The Supreme Court has already held that all IEEPA tariffs are invalid. *Learning Res.*, 146 S. Ct. at 646. The government has already established an administrative system for refunding those unlawfully collected tariffs with interest, and it has indicated its intent to make that

3

system available for all entries that are unliquidated or that liquidated less than 90 days ago. But the government asserts that it cannot process or pay refunds under CAPE for entries liquidated more than 90 days ago because it needs individualized court orders. *See* Dkt. No. 88 at 2-3.

The sole remaining question of law is therefore whether the government has the authority to reliquidate entries liquidated more than 90 days ago.[1] With respect to that question, all putative class members are identically situated. The government argues that it *categorically* lacks authority to issue refunds through CAPE for entries liquidated more than 90 days ago absent a court order. *See* Dkt. No. 88 at 2-3. It does not argue it has the power to issue refunds to *some* class members but not others, meaning the dispute is binary and applies equally to all claimants. Likewise, the remedy sought—access to CAPE—is the same for all class members. *Cf. Dukes*, 564 U.S. at 349-352 (holding Federal Rule of Civil Procedure 23(a)(2) requires not only common questions, but common questions that can generate common answers).

### C.    The claims of the named plaintiff are typical of the class.

Plaintiff Terry Cycling, which seeks to certify the class, has multiple entries that are currently ineligible for CAPE because they are more than 90 days post-liquidation on which they paid IEEPA duties. *See* Decl. of Nik Holm ¶ 3. Its claims are therefore typical of the class in every relevant sense because the class is defined

---

[1] While the government asserts it lacks authority to reliquidate entries that liquidated more than 90 days ago, the government, as of now, has limited the availability of CAPE to entries that liquidated "within the preceding 80 days." Decl. of Brandon Lord ¶ 15(c), *Atmus Filtration, Inc.* v. *United States*, No. 26-01259 (Ct. Int'l Trade Mar. 31, 2026), Dkt. No. 51.

purely in terms of its eligibility for CAPE, and the relief it seeks is simply access to CAPE. *See Baxter*, 925 F. Supp. at 797 ("Differences in claims for relief do not destroy typicality if the constitutional and other legal claims raised by the representative parties, and common to the class members, predominate.").

### D.    Plaintiff's counsel can protect the interests of the class.

Plaintiff and its counsel—Milbank LLP and the Liberty Justice Center—have already demonstrated their capacity to represent the class. They have successfully litigated this case in this Court, the Federal Circuit, and the Supreme Court, prevailing at every stage. Like in *Baxter*, "[r]epresentative plaintiffs' claims are substantial; no conflicts appear; and counsel are experienced." 925 F. Supp. at 797.

## II.    Certification Under Rule 23(b)(2) Is Appropriate.

Plaintiff's request sits in the heartland of Rule 23(b)(2). All class members are uniformly affected by the government's refusal to make the CAPE system available for entries that were liquidated more than 90 days ago. And the class seeks a single, indivisible injunction directing the government to make CAPE available to *everyone* who paid unlawful IEEPA tariffs.

This Court's analysis in *Baxter* supports certification of a Rule 23(b)(2) class. In that case, plaintiffs sought certification of a class consisting of those who had paid an allegedly unlawful Harbor Maintenance Tax. Judge Restani recognized that Rule 23(b)(2) relief might have been appropriate but for two things: First, at the time the plaintiffs asked for certification, the case had become "predominantly an action for monetary relief." *Baxter*, 925 F. Supp. at 798. Second, Judge Restani found that plaintiffs already had an alternative remedial pathway that was preferable, and the

Court had "little doubt" that the government would "make refund[s] to the extent required by law." *Ibid.* Neither is true here. Not only is this not *predominantly* an action for monetary relief, the putative class does not seek monetary relief from this Court *at all.* It does not, for example, ask this Court to determine the appropriate amount of each class member's refund, nor does it ask the Court to award damages in any particular amount. Instead, the class seeks a uniform injunction requiring the government to make CAPE accessible to all those who paid the unlawful IEEPA tariffs. And unlike in *Baxter*, there is no better alternative for class members to obtain relief. Rather, the government's proposal is much worse for everyone because it would force each importer to go to court to get an individual order, unnecessarily burdening the importers, the Court, and the government itself. This is the exact situation Rule 23(b)(2) was designed to avoid.

Moreover, certifying a class under Rule 23(b)(2) would be consistent with the Supreme Court's decision in *Dukes*. In that case, the Court recognized that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an *individualized* award of monetary damages." 564 U.S. at 360-361 (emphasis added). And the Court found that certification was improper in that case because the putative class members each had highly individualized claims for monetary relief that involved unique factual circumstances, and those individualized issues would predominate. *See id.* at 366-367. But the Court held that Rule 23(b)(2) certification *is* appropriate where "a single injunction or declaratory judgment would provide relief to each member of the class." *Id.* at 360. That is precisely the case

6

Case 1:25-cv-00066-RKE   Document 99   Filed 06/04/26   Page 11 of 15

here. All that the class members need is an injunction entitling them to have their refunds processed and paid through CAPE; the Court will not be required to address any of the individualized questions about the extent of the refund that each class member will ultimately receive through CAPE.

Post-*Dukes* court of appeals precedents further confirm that Rule 23(b)(2) certification is appropriate in cases like this one, where the class seeks an injunction or declaration that will ultimately lead to the award of monetary relief outside the judicial forum. For example, in *Johnson* v. *Meriter Health Services Employee Retirement Plan*, 702 F.3d 364 (7th Cir. 2012) (Posner, J.), the Seventh Circuit affirmed certification of a Rule 23(b)(2) class that sought "a declaration of the rights" of a pension plan and "an injunction ordering [the defendant] to conform the text of the plan to the declaration." *Id.* at 371. The court explained that because there would simply be a single injunction requiring the defendant (and not the court) to "comput[e]" the new entitlement and refund the money accordingly, the monetary relief would be "merely incidental" and permissible under a Rule 23(b)(2) class action. *Ibid.* (citation modified). Other courts of appeals have held the same. *See Amara* v. *CIGNA Corp.*, 775 F.3d 510, 524 (2d Cir. 2014) (holding an analogous Rule 23(b)(2) class action proper when "[i]ndividual litigation would make no difference because 'each individual class member would' not 'be entitled to a *different* injunction or declaratory judgment'" (quoting *Dukes*, 564 U.S. at 360)).

The Sixth Circuit's decision in *Gooch* v. *Life Investments Insurance Co. of America*, 672 F.3d 402 (6th Cir. 2012), is particularly on-point because there, the

7

court considered both the propriety of certifying a Rule 23(b)(2) class where the relief could "serve[] as a predicate for later monetary relief" and the propriety of certifying a class where (as here) the merits have of the claim have already been decided. *Id.* at 429. The court held that neither factor precludes class certification under Rule 23(b)(2). *Id.* at 429, 432. With respect to the timing issue, it explained that while class certification must generally be decided before the merits, that rule reflects the need to "prevent[] potential plaintiffs from awaiting merits rulings in a class action before deciding whether" to participate. *Id.* at 432 (citing *Am. Pipe & Constr. Co.* v. *Utah,* 414 U.S. 538, 546 (1974)). But that consideration does not apply under Rule 23(b)(2), where participation in the class is mandatory, eliminating the potential for gamesmanship. *Id.* at 433.[2]

Indeed, this case involves the complete opposite of gamesmanship. Plaintiff did not move for class certification at the outset because there was no reason to anticipate that, after the Supreme Court itself had invalidated the IEEPA tariffs, the government would nevertheless refuse to issue refunds to importers based purely on the liquidation date of their entries without a court order forcing it to do so. Without certification, the government will undoubtedly continue to advance its view that

---

[2] For that reason, the CIT's decision in *Gilda Industries, Inc.* v. *United States*, 645 F. Supp. 2d 1296 (Ct. Int'l Trade 2009), is irrelevant. In that case, the CIT found that it was inappropriate to certify a post-merits class under Rule 23(c), where participation is optional. Moreover, *Gilda* relied heavily on the text of a prior version of USCIT Rule 23(c) that no longer exists. *Id.* at 1298 ("USCIT Rule 23(c), which is modeled on the Federal Rules of Civil Procedure, permits alteration or amendment of an order with respect to class certification 'before the decision on the merits.'"). The relevant portion of the Rule 23(c) now reads, "An order that grants or denies class certification may be altered or amended before final judgment."

*CASA* bars any injunctive remedy for importers who are not plaintiffs in this suit. As a result, potentially tens of thousands of identically situated importers may be required to initiate their own refund actions, all of which will present the same legal question that this Court will then have to resolve in each case on an individual basis. Certification of Plaintiff's proposed Rule 23(b)(2) class avoids that absurd result.

## Conclusion

For the reasons set forth herein, plaintiff respectfully requests that this Court certify the proposed class under Rule 23(b)(2).

Dated: June 4, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
202-835-7505
nkatyal@milbank.com
crohsinzdak@milbank.com

Jeffrey M. Schwab
Reilly W. Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, Texas 78735
512-481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, Microkits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

9

**Certificate of Compliance**

I, Neal Kumar Katyal, hereby certify that this brief complies with the 14,000 word limitation of the United States Court of International Trade set forth in Standard Chambers Procedure § 2(B)(1) because this brief contains 2,336 words.  In making this certification, I have relied upon the word count function of the Microsoft Word processing system used to prepare this brief.

Dated: June 4, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
202-835-7505
nkatyal@milbank.com
crohsinzdak@milbank.com

Jeffrey M. Schwab
Reilly W. Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, Texas 78735
512-481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, Microkits LLC, FishUSA Inc., and Terry Precision Cycling LLC*

## Certificate of Service

I, Neal Kumar Katyal, one of the attorneys for Plaintiffs, certify that the foregoing document was filed electronically with the Court's Case Management/ Electronic Case Filing (CM/ECF) system on June 4, 2026. The Court and/or Clerk of Court may serve and give notice to counsel by CM/ECF electronic transmission.

Dated: June 4, 2026

Respectfully submitted,

/s/ *Neal Kumar Katyal*
Neal Kumar Katyal
Colleen E. Roh Sinzdak
Milbank LLP
1101 New York Ave. NW
Washington, DC 20005
202-835-7505
nkatyal@milbank.com
crohsinzdak@milbank.com

Jeffrey M. Schwab
Reilly W. Stephens
James McQuaid
Liberty Justice Center
7500 Rialto Blvd.
Suite 1-250
Austin, Texas 78735
512-481-4400
jschwab@ljc.org
rstephens@ljc.org
jmcquaid@ljc.org

*Counsel for Plaintiffs V.O.S. Selections, Inc., Plastic Services and Products LLC d/b/a Genova Pipe, Microkits LLC, FishUSA Inc., and Terry Precision Cycling LLC*