IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

| | |
|---|---|
| V.O.S. Selections Inc. *et al.*, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | :   Court No. 25-000066-RKE |
| | : |
| Donald J. Trump, *et al.*, | : |
| | : |
| Defendants. | : |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

U.S. Department of Justice
Civil Division
Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-9063
claudia.burke@usdoj.gov

June 25, 2026                              *Attorneys for Defendant*

## **TABLE OF CONTENTS**

BACKGROUND ................................................................................................................2

ARGUMENT ...................................................................................................................3

    I.       Legal Standards .................................................................................................3

    II.     The Court Should Deny Plaintiffs' Motion for Class Certification .........................4

          A.  Plaintiffs' Request Comes Too Late ..................................................................4

          B.  Plaintiffs Have Failed to Establish the Requirements of Rule 23(b) ..................8

               1.   Plaintiffs' Proposed Injunction Under Rule 23(b)(2) Would Not Provide Final Relief to the Class as a Whole .............................................................8

               2.   Class Certification Would Also Be Improper Under Rule 23(b)(3) ...........14

CONCLUSION ..............................................................................................................17

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*AA Suncoast Chiropractic Clinic v. Progressive Am. Ins. Co.*,
   938 F.3d 1170 (11th Cir. 2019) .......................................................................... 10, 11

*Ablan v. United States*,
   162 F.4th 1364 (Fed. Cir. 2025) ........................................................................ 5, 6, 7

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   No. 2011-1538, 2012 WL 10716768 (Fed. Cir. Apr. 2, 2012) ................................................. 10

*Am. Pipe & Constr. Co. v. Utah*,
   414 U.S. 538 (1974).............................................................................................. 5

*Amara v. CIGNA Corp.*,
   775 F.3d 510 (2d Cir. 2014)................................................................................. 12

*Amchem Products v. Windsor*,
   521 U.S. 591 (1997)............................................................................................ 16

*Baxter Healthcare Corp. v. United States*,
   925 F. Supp. 794 (Ct. Int'l Trade 1996) ............................................................. *passim*

*Califano v. Yamasaki*,
   442 U.S. 682 (1979).............................................................................................. 5

*Costello v. BeavEx, Inc.*,
   810 F.3d 1045 (7th Cir. 2016) .......................................................................... 5, 7

*Gooch v. Life Investors Ins. Co. of America*,
   672 F.3d 402 (6th Cir. 2012) ............................................................................ 7, 8

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014)............................................................................................. 4

*In re Citizens Bank, N.A.*,
   15 F.4th 607 (3d Cir. 2021) .............................................................................. 6

*Jamie S. v. Milwaukee Public Schools*,
   668 F.3d 481 (7th Cir. 2012) ............................................................................ 9

*Johnson v. Meriter Health Services Employee Retirement Plan*,
   702 F.3d 364 (7th Cir. 2012) ......................................................................... 12, 13

*Lackey v. Stinnie*,
  604 U.S. 192 (2025) ................................................................................................ 7

*Learning Resources, Inc. v. Trump*,
  607 U.S. 229 (2026).................................................................................. 2, 6, 16

*Novosteel SA v. United States*,
  284 F.3d 1261 (Fed. Cir. 2002)........................................................................ 14

*Overby v. Anheuser-Busch*, LLC,
  --- F.4th ----. No. 25-1520, 2026 WL 1718962 (4th Cir. June 15, 2026) ................................... 3

*Paxton v. Union Nat'l Bank*,
  688 F.2d 552 (8th Cir. 1982) ............................................................................ 8

*Stastny v. S. Bell Tel. & Tel. Co.*,
  628 F.2d 267 (4th Cir. 1980) ............................................................................ 8

*Thomas v. Albright*,
  139 F.3d 227 (D.C. Cir. 1998)............................................................................ 4

*Trump v. CASA, Inc.*,
  606 U.S. 831 (2025).......................................................................................... 6

*U.S. Shoe Corp. v. United States*,
  22 C.I.T. 880 (1998) ........................................................................................ 14

*United States v. U.S. Shoe Corp.*,
  523 U.S. 360 (1998)........................................................................................ 14

*Vivint v. Alarm.com Inc.*,
  856 F. App'x 300 (Fed. Cir. 2021) .................................................................... 7

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)................................................................................*passim*

**Statutes**

19 U.S.C.A. § 1501............................................................................................ 10

19 U.S.C.A. § 1504............................................................................................ 10

26 U.S.C. § 4461(b)............................................................................................ 14

28 U.S.C. § 1581(i)............................................................................................ 17

28 U.S.C. § 1631 ................................................................................................................ 17

**Rules**

USCIT Rule 23(a) .............................................................................................................. 3

USCIT Rule 23(b) ....................................................................................................... *passim*

USCIT Rule 23(c) .............................................................................................................. 3

**Other Authorities**

6 Newberg and Rubenstein on Class Actions § 18.14 (6th ed. 2023) ............................................ 5

30A C.J.S. Equity § 2 .......................................................................................................... 6

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:    THE HONORABLE RICHARD K. EATON, SENIOR JUDGE

|  |  |  |
|---|---|---|
| V.O.S. Selections Inc. *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Court No. 25-000066-RKE |
| | : | |
| Donald J. Trump, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Defendants respectfully oppose the plaintiffs' motion for class certification.  This Court

should deny class certification for two reasons.  *First*, plaintiffs' request is too late.  Courts must

certify classes before the merits determinations; otherwise, they create a fundamentally unfair

"one-way intervention" that Rule 23 specifically prohibits.  That alone dooms plaintiffs' request.

*Second*, plaintiffs' request for refunds does not fit any type of class action under Rule 23(b).

Plaintiffs only rely on Rule 23(b)(2) and thus have forfeited reliance on other subsections of Rule

23(b).  And plaintiffs' reliance on Rule 23(b)(2) fails.  For a Rule 23(b)(2) class to be valid, it

must seek a single injunction that would provide *final* indivisible relief to all class members and

must not seek non-incidental monetary relief.  But the injunction proposed here would not

provide final relief because it would only provide access to U.S. Customs and Border

Protection's (CBP) Consolidated Administrative and Processing of Entries (CAPE) system.  The

specific refund amounts that plaintiffs and putative class members seek would not be decided by

the injunction.  And in any event, plaintiffs' desired relief is fundamentally non-incidental

monetary relief, which is forbidden under Rule 23(b)(2).

**BACKGROUND**

On April 14, 2025, these five plaintiffs filed a lawsuit challenging the President's authority to issue tariffs under the International Emergency Economic Powers Act (IEEPA). In their complaint, plaintiffs requested an award of "damages in the amount of any tariffs collected by Defendants pursuant to the challenged orders." ECF No. 2, Prayer for Relief ¶ g. Plaintiffs at no point sought to certify and represent a class of other importers. Rather, plaintiffs immediately moved for summary judgment and to enjoin defendants from enforcing the tariffs, and this action proceeded on that summary judgment track. ECF Nos. 10, 55.

On February 20, 2026, the Supreme Court held that IEEPA does not authorize the imposition of tariffs. *Learning Res., Inc. v. Trump*, 607 U.S. 229 (2026). Since then, this Court has issued the same injunction in four cases requiring CBP to liquidate or reliquidate entries with IEEPA duties and to refund any duties paid. The Court has also met privately with the parties regularly to discuss and oversee CBP's progress toward refunding IEEPA duties. These conferences, which the Court has called "settlement conferences," have been off-the-record, but the Court has required CBP to file public declarations—nine in total, so far—advising of its progress.

These declarations make clear that CBP has invested significant resources in the refund effort, and that effort has succeeded. CBP first prioritized programmatic changes to its system so it could process liquidations or reliquidations and issue refunds for most entries that had not yet liquidated. Now, CBP has turned to expanding functionality for entries that are flagged for reconciliation. After that, CBP will address entries that have finally liquidated. Regarding importers with finally liquidated entries who have chosen not to file a lawsuit thus far, the government has consistently explained that CBP requires an order from the Court to reliquidate

finally liquidated entries.  ECF No. 98 at 7-8; ECF No. 104, Tr. at 47-49.

In the midst of this progress, and months after resolution of the merits questions, plaintiffs for the first time filed this belated motion for class certification.

**ARGUMENT**

## I.      Legal Standards

A class action "represents an exceptional form of litigation."  *Overby v. Anheuser-Busch, LLC*, --- F.4th ----. No. 25-1520, 2026 WL 1718962, at *3 (4th Cir. June 15, 2026).  Class certification is appropriate only if, "after a rigorous analysis," and upon "significant proof" by the moving party, the Court is satisfied that the requirements of Rule 23 have been met.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 353 (2011).  USCIT Rule 23 is "essentially the same as" Federal Rule of Civil Procedure 23.  *Baxter Healthcare Corp. v. United States*, 925 F. Supp. 794, 797 n.4 (Ct. Int'l Trade 1996).

Under USCIT Rule 23(c)(1)(A), the Court must determine whether to certify a putative class "[a]t an early practicable time after a person sues or is sued."  USCIT Rule 23(a), in turn, provides that a member "of a class may sue" as a "representative part[y] on behalf of all members only if" each of four requirements is met.  First, the proposed class must be "so numerous that joinder of all members" would be "impracticable"; second, there must be "questions of law or fact common to the class"; third, "the claims" of the class representative must be "typical of the claims … of the class"; and fourth, the class representative must "fairly and adequately protect the interests of the class."  USCIT Rule 23(a).  These four requirements are commonly referred to as numerosity, commonality, typicality, and adequacy.  Failing to meet just one requirement precludes class certification.  *Dukes*, 564 U.S. at 349.

Those are only the threshold requirements.  Plaintiffs must then also satisfy Rule 23(b).

3

Plaintiffs here rely only on Rule 23(b)(2), which requires them to establish that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The last clause is important: the injunctive or declaratory relief sought must be a single injunction that would provide "final" relief to "the class as a whole." The injunction also cannot seek non-incidental or individualized monetary relief. *Dukes*, 564 U.S. at 366-67.

When a proposed class action is instead "predominantly an action for monetary relief," "maintenance of the class action is most appropriately analyzed under Rule 23(b)(3)." *Baxter*, 925 F. Supp. at 797. Plaintiffs do not seek certification of a Rule 23(b)(3) class, which in any event requires additional showings that (1) common issues of law and fact "predominate over questions affecting individual members" and (2) a class action is superior to other methods "for the fair and efficient adjudication of the controversy." *Id.* at 798; USCIT Rule 23(b)(3); *see also Thomas v. Albright*, 139 F.3d 227, 234 (D.C. Cir. 1998) ("The requirements of predominance and superiority in subsection (b)(3) are, of course, additional to the requirements of subsection (a), which applies to all class actions.").

"[P]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23." *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014).

## II.    The Court Should Deny Plaintiffs' Motion for Class Certification

### A.    Plaintiffs' Request Comes Too Late

Plaintiffs' class-certification request is too late. Plaintiffs originally filed their suit in April 2025, and the core merits issue of plaintiffs' case was decided by the Supreme Court in February 2026. Yet plaintiffs did not seek class certification until June 2026—over a year after

4

suing and over three months after the Supreme Court's merits decision.[1] Rule 23 and bedrock principles of equity preclude such a late-breaking request after the merits of the case have been resolved.

As the Supreme Court has explained, class actions represent "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979). The "core idea" of the class action is that both sides run the risk of an adverse class-wide judgment: If the class representatives prevail, "the class members may take advantage of that victory," but "if the representatives lose, the defendant— having risked a large class-wide loss—is entitled to take advantage of its victory by foreclosing litigation by any class member against it in the future." 6 Newberg and Rubenstein on Class Actions § 18.14 (6th ed. 2023).

A plaintiff thus cannot wait until after a court has conclusively resolved the merits before deciding whether to seek class certification. Otherwise, by delaying a motion for certification, a plaintiff could enable absent class members "to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 547 (1974). That practice, known as one-way intervention, "is 'strikingly unfair' to the defendant." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir. 2016) (citation omitted); *see also Ablan v. United States*, 162 F.4th 1364, 1380 (Fed. Cir. 2025) ("Allowing plaintiffs to know the liability ruling before deciding whether to join the class often would be manifestly unjust."). Most courts, including the Federal Circuit, therefore either prohibit a

---

[1] Equally telling, class certification was not even the first relief plaintiffs requested after the Supreme Court's decision. Instead, four days after the Supreme Court's opinion, plaintiffs moved for a permanent injunction—not a class action—to receive refunds. *See* ECF No. 72. That plaintiffs did not seek class-wide relief then suggests that plaintiffs understood that class certification at that late stage was improper. Four months later, it is still improper.

request this late, or else allow it only when the defendant consents. *See In re Citizens Bank, N.A.*, 15 F.4th 607, 618-19 & nn.11-12 (3d Cir. 2021) (collecting cases); *Ablan*, 162 F.4th at 1380. As "Rule 23 'stems from equity practice,'" *Dukes*, 564 U.S. at 361, and fairness is critical to equity, *see, e.g.*, 30A C.J.S. Equity § 2 ("Fundamental fairness is the hallmark of all equity jurisprudence."), plaintiffs' fundamentally unfair request must be rejected. The merits have already been decided, the parties have assumed an entirely different path for refund payments, and defendants do not consent to certification here.

Aware of this glaring timeliness problem, plaintiffs say they had no reason at the outset of the litigation to think that they would need to seek class certification in order to guarantee universal remedies. But the government has previously explained its position that it cannot reliquidate finally liquidated entries without a court order, the Court has agreed, and plaintiffs have claimed uncertainty about the availability of refunds from the very beginning of this litigation. *See, e.g.*, ECF No. 32 at 55 ("[E]ven if future entries are liquidated, defendants do not intend to oppose the Court's authority to order reliquidation . . . . Such reliquidation would result in a refund of all duties determined to be unlawfully assessed, with interest."); *AGS Co. Automotive Sols. v. U.S. CBP*, No. 25-255, ECF No. 29 at 6 (holding that "the panel in *In re Section 301 Cases* unanimously agreed—as we do now—that the USCIT has 'the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties.'"). The real shift is that the Supreme Court rejected universal injunctions in *Trump v. CASA, Inc.*, 606 U.S. 831 (2025), but that change long predated both the final resolution of the merits in this case and plaintiffs' present motion. *Compare id.* (decided June 27, 2025), *with Learning Res.*, 607 U.S. 229 (decided Feb. 20, 2026). In any event, "the change in the law exception only applies in circumstances where the law was strongly settled against the later ruling." *Vivint v.*

6

*Alarm.com Inc.*, 856 F. App'x 300, 306 (Fed. Cir. 2021) (citing *In re Micron Tech., Inc.*, 875 F.3d 1091, 1097 (Fed. Cir. 2017)).  It does not provide an excuse here when class certification was not squarely foreclosed by precedent when plaintiffs originally filed.[2]  That plaintiffs pursued a different strategic path immediately after the Supreme Court's decision in *Learning Resources*—seeking *non*-class-wide relief—only confirms that their new strategy comes far too late.

Plaintiffs also claim that the timeliness problem is inapplicable to Rule 23(b)(2) classes, because Rule 23(b)(2) classes do not permit opt-outs.  That reasoning makes little sense.  A post-merits-decision Rule 23(b)(2) class still enables the plaintiffs and their attorneys to seek class certification only after they prevail, creating precisely the same problems that are "strikingly unfair" and "manifestly unjust" to defendants.  *Costello*, 810 F.3d at 1058; *Ablan*, 162 F.4th at 1380.  Nor does the case plaintiffs cite, *Gooch v. Life Investors Ins. Co. of America*, 672 F.3d 402 (6th Cir. 2012), provide persuasive support for their position.  In that case, the class was certified after a preliminary-injunction ruling.  *Id.* at 432-33.  A preliminary ruling, the court reasoned, "could not have affected any class member's decision about whether to join or leave the mandatory 23(b)(2) class" because preliminary findings "are not binding at trial on the merits."  *Id.* at 432; *see also Lackey v. Stinnie*, 604 U.S. 192, 200-01 (2025) ("Preliminary injunctions … do not conclusively resolve legal disputes" and "do not conclusively resolve the rights of parties on the merits.").  The final conclusion on the merits here—by the Supreme Court itself—presents the direct opposite circumstance.  Indeed, even *Gooch* recognized that certification of a Rule 23(b)(2) class after full resolution of the merits "may be inappropriate for

---

[2]  Indeed, an importer sought to certify a class action long before plaintiffs here did and the merits were decided.  *See Chapter1 LLC v. United States*, No. 25-cv-97, ECF No. 4 (filed May 29, 2025).

reasons of judicial economy, and of fairness to both sides." 672 F.3d at 433. Several other circuits have held the same. *E.g.*, *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558-59 (8th Cir. 1982) ("Even in (b)(2) class actions …, 'a deliberate deferral of the (class) determination until full trial on the merits is fraught with serious problems of judicial economy, and of fairness to both sides.'" (quoting *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 275 (4th Cir. 1980)).

**B.      Plaintiffs Have Failed to Establish the Requirements of Rule 23(b)**

**1.      Plaintiffs' Proposed Injunction Under Rule 23(b)(2) Would Not Provide Final Relief to the Class as a Whole**

Plaintiffs seek refunds of IEEPA tariffs, as they explicitly stated in their complaint. And knowing that each plaintiff or class member would be due a distinct, individualized, and specially calculated amount, plaintiffs do not rely on Rule 23(b)(3). Instead, they propose a class-wide injunction that would give class members only the right to use CAPE to initiate a refund request. Certifying such a class under Rule 23(b)(2) is improper for numerous reasons.

The Supreme Court has made clear that class certification under Rule 23(b)(2) requires plaintiffs to establish that (1) the proposed injunction is a single injunction that provides final indivisible relief to the whole class and (2) plaintiffs' ultimate relief is not for non-incidental monetary relief. *See Dukes*, 564 U.S. at 360-67. Plaintiffs flunk both requirements.

*First*, plaintiffs' request violates Rule 23(b)(2)'s requirement that the requested injunctive relief be "single," "indivisible," and "final." USCIT Rule 23(b)(2); *Dukes*, 564 U.S. at 360. Here, plaintiffs claim that they want a single injunction for access to CAPE. But for plaintiffs, access to CAPE is merely a starting point to the actual relief sought (refunds for the tariffs paid), not an end. Issuing an injunction for access to CAPE would not provide relief to each class member—indeed, it would not provide *any* relief to *any* class member—because it would not amount to "final" relief. *See Dukes*, 564 U.S. at 360. Instead, an injunction permitting putative

8

class members to access CAPE would just start the process of each member obtaining some individualized amount of relief after CBP's highly individualized review and determination. Refund eligibility and amounts depend on specialized review of each importer's entry, the duties paid on those entries, whether protests are pending, the calculation of interest, the identity of the importer of record, and other entry-specific circumstances. *See Atmus Filtration, Inc. v. United States*, Declaration of Brandon Lord, ECF No. 39 ¶¶ 3, 5, 7, 9 (CIT Mar. 12, 2026). Thus, the requested injunctive relief is not "final."

This principle is further elaborated in post-*Dukes* court-of-appeals cases. For example, the Seventh Circuit's decision in *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481 (7th Cir. 2012), is particularly instructive as to why Rule 23(b)(2) is inapplicable here. There, the plaintiffs sought structural reform of Milwaukee Public Schools' provision of special education services and to establish a *remedial system* for identifying and compensating disabled children who had been delayed or denied access to the individualized educational program process. *Id.* at 485. The court concluded that "the plaintiffs have superficially structured their case around a claim for class-wide injunctive and declaratory relief [that] does not satisfy Rule 23(b)(2) [because] as a substantive matter the relief sought would merely *initiate a process* through which highly individualized determinations of liability and remedy are made." *Id.* at 499 (citation modified) (emphasis added). The court further stated that "this kind of relief would be class-wide in name only, and it would certainly not be final." *Id.* The remedy sought by plaintiffs "merely establishes a *system* for eventually providing individualized relief." *Id.*

That is precisely the case here because the injunction sought would merely give plaintiffs access to a system, CAPE, that would eventually provide individualized relief. Plaintiffs cannot circumvent Rule 23(b)(2)'s requirements by superficially structuring their case around injunctive

9

relief when the real goal is individualized monetary recovery.  Like in *Jamie*, the injunctive relief sought merely initiates a highly individualized process in which different determinations of tariff refunds are made and tailored to each plaintiff.  Further still, even under plaintiffs' theoretical proposal, CBP still would not have the authority to reliquidate or refund without importer-specific Court orders, underscoring that the access to CAPE they seek through class certification would fail to provide the putative class final relief.  *See* 19 U.S.C. §§ 1501, 1504.  In short, plaintiffs' requested class-wide relief is not "final injunctive relief."  USCIT Rule 23(b)(2).

*Second*, plaintiffs' request for relief is fundamentally a request for non-incidental monetary relief, so the proposed class cannot be certified under Rule 23(b)(2) for this additional reason.  The Supreme Court has explained that claims for monetary relief cannot be certified under Rule 23(b)(2) where the monetary relief is not incidental to the requested injunctive or declaratory relief.  *Dukes*, 564 U.S. at 360; *see also AA Suncoast Chiropractic Clinic v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1174 (11th Cir. 2019) ("Injunction classes can go forward under Rule 23(b)(2); damages classes must satisfy Rule 23(b)(3).").  Plaintiffs', and the proposed class members', ultimate goal is clearly refund of duties with interest.  And refunds and refund orders are fundamentally non-incidental monetary relief.

It is not answer to say, as plaintiffs do, that the relief is framed as an injunction or declaratory relief.  For purposes of Rule 23(b)(2), it is the substance, not the manufactured form, that matters.  *See, e.g.*, *AA Suncoast*, 938 F.3d at 1175-79; *cf., e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, No. 2011-1538, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) ("The form of the order to pay money does not matter; what matters is 'whether the judgment involved is monetary or nonmonetary.'").  And the substance of plaintiffs' relief is monetary—not injunctive—relief.  Indeed, for purposes of Rule 23(b)(2), "an injunction must be geared

10

toward preventing *future* harm." *AA Suncoast*, 938 F.3d at 1175.  But "[e]verything about" plaintiffs' case at this stage "looks back at *past* harms" and ultimately seeks "retrospective, not prospective," relief to remedy those *past* harms. *Id.* at 1175, 1178.  That confirms that plaintiffs' request is for non-incidental monetary relief, which is forbidden under Rule 23(b)(2).

The Supreme Court's decision in *Dukes* further confirms that plaintiffs' request is for non-incidental monetary relief and thus that Rule 23(b)(2) does not apply.  In *Dukes*, former and current female Wal-Mart employees sued for sex discrimination seeking backpay, injunctive, and declaratory relief.  564 U.S. at 343.  The Supreme Court denied class certification, holding that the necessity of individualized determinations for the backpay claims prevented this monetary relief from being considered "incidental" to the class-wide injunctive relief. *Id.* at 360. Incidental monetary relief are "damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief." *Id.* at 365-66.  Such incidental damages "should not require additional hearings to resolve the disparate merits of each individual's case," nor should they "introduce new and substantial legal or factual issues," or "entail complex individualized determinations." *Id.*  The Court emphasized that Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages," because that would require separate determinations for each member. *Id.* at 360.  That conflicts with a Rule 23(b)(2) class because a single injunction would not provide final relief to the whole class and because it means that the ultimate relief seeks non-incidental monetary relief. *Id.* at 366-67.  Rather, "individualized monetary claims belong in Rule 23(b)(3)." *Id.* at 362.

That is the case here.  Plaintiffs' proposed injunction itself gives them no relief.  What plaintiffs and putative class members really seek is a payment of money; that means the

11

monetary relief is the furthest thing from incidental to an injunction that is sought solely to obtain that payment. *See* Mot. 1-2. Just as backpay (in *Dukes*) requires individualized determinations of employee's eligibility, necessitates additional proceedings to determine the scope of individual relief, and requires a calculation of interest, *see Dukes*, 564 U.S. at 366, so too are tariff refunds individualized remedies that accrue interest and depend on additional proceedings and other plaintiff-specific determinations to calculate refunds rather than an indivisible class-wide remedy. *See* Lord Decl. ¶¶ 3, 5, 7, 9.

Contrary to plaintiffs' contention, *Johnson v. Meriter Health Services Employee Retirement Plan*, 702 F.3d 364 (7th Cir. 2012), and *Amara v. CIGNA Corp.*, 775 F.3d 510 (2d Cir. 2014), actually confirm that class certification is inappropriate in cases like this one. Mot. 7. In *Johnson*, the class members sought an injunction for reformation of a pension plan to ensure that it reflected the rights of participants. 702 F.3d at 365. The court held that once the plan was reformed, the monetary relief would be incidental because calculating such relief would "*just be a matter of laying each class member's pension-related employment records alongside the text of the reformed plan and computing the employee's entitlement by subtracting*" the benefit credited from the benefit entitled to them. *Id.* at 371 (emphasis added). The court made it clear that such monetary relief is simple and straightforward. Thus, that injunction provided final relief on its own because it addressed the core issue of the plan's compliance with the declared rights, making the monetary relief an automatic and mechanical—incidental—consequence. Likewise, *Amara* was another pension plan class action where the court held that upon reformation of the pension plan (the core injunctive relief sought), monetary benefits would flow automatically, without any need to consider individualized factors, making that monetary relief sufficiently incidental to keep the class within the parameters of Rule 23(b)(2). 775 F.3d at 523-24.

That is plainly not the case here.  Access to CAPE does not address the core issue of reliquidating entries so that each importer can receive a refund.  The tariff refunds ultimately sought are not "just a matter of laying each class member's" entry alongside the duty paid to "comput[e]" the refund once access to CAPE is granted.  *Johnson*, 702 F.3d at 371.  The pension plans in *Johnson* and *Amara* established a single, definitive formula to compute each entitlement.  Importers' claims, by contrast, are not mechanical or automatic; there is no uniform formula for the refund process.  Access to CAPE does not mean that importers' entries are automatically reliquidated, nor does it mean they will receive a refund or are necessarily eligible for one.  Therefore, once CAPE access is granted, the real final relief—the tariff refunds—require a complex, individualized process not incidental to the injunction.

Finally, this Court's decision in *Baxter*, discussed further below, confirms why class certification under Rule 23(b)(2) is improper.  There, Judge Restani concluded that class certification under Rule 23(b)(2) was not appropriate because the court had "little doubt" that the government would make refunds to the extent required by law.  925 F. Supp. at 798.  Plaintiffs incorrectly assert that this is not the case here.  Mot. 6.  CAPE is an efficient and highly developed functionality created by CBP to calculate and provide refunds.  The government intends to make refunds to the extent required by law because CBP is *required* to liquidate/reliquidate entries in accordance with the law.  And the government has repeatedly represented that it will not contest the Court's authority to order reliquidation to importers who have filed suit to effectuate duty refunds as part of that congressionally prescribed process.  *E.g.*, Declaration of Susan S. Thomas, ECF No. 98-1 ¶ 12 (June 4, 2026).

Therefore, because this proposed class action "is predominantly an action for monetary relief," and the government is "issuing refunds to the extent required by law," Rule 23(b)(2) is

13

the wrong class mechanism.  Instead, this action is "most appropriately analyzed under Rule 23(b)(3)."  *Baxter*, 925 F. Supp. at 798.  As explained below, plaintiffs have forfeited any reliance on Rule 23(b)(3), and regardless, could not satisfy Rule 23(b)(3)'s strictures.

**2.    Class Certification Would Also Be Improper Under Rule 23(b)(3)**

Plaintiffs have not proposed a Rule 23(b)(3) class, presumably because tariff refunds are so obviously particularized.  Plaintiffs have thus forfeited any reliance on Rule 23(b)(3) for class certification.  *See, e.g.*, *Novosteel SA v. United States*, 284 F.3d 1261, 1273-74 (Fed. Cir. 2002) (a party forfeits arguments not presented in its principal brief to the Court of International Trade; "[r]aising the issue for the first time in a reply brief does not suffice").

Plaintiffs abandoned reliance on Rule 23(b)(3) for good reason.  The Court's decision in *Baxter* explains why Rule 23(b)(3) is not an option here.  There, plaintiffs moved to certify a class of "all persons who ha[d] paid" a tax "in connection with exportation of commercial cargo."  925 F. Supp. at 796; *see* 26 U.S.C. § 4461(b).  Before the motions were resolved, the Court found the tax unconstitutional in a test case decided by a three-judge panel.  *Baxter*, 925 F. Supp. at 796.  The Court "enjoined enforcement" of the tax "and awarded monetary damages" in a subsequent judgment, which was stayed pending appeal.  *Id.*  The Supreme Court ultimately affirmed, *see United States v. U.S. Shoe Corp.*, 523 U.S. 360 (1998), after which this Court entered an order establishing a claims-resolution procedure, *U.S. Shoe Corp. v. United States*, 22 C.I.T. 880 (1998).

But before this Court's judgment was affirmed in the test case, the Court denied the motions for class certification.  *Baxter*, 925 F. Supp. at 800.  The Court explained that a Rule 23(b)(3) class requires, in addition to the threshold Rule 23 showings, satisfaction of the predominance and superiority tests.  *Id.* at 798.  Predominance was lacking because the common

14

issues of law "have largely been determined or will be determined in another action"—namely, the then-pending "appeal of *U.S. Shoe Corp.*" *Id.* As such, "the court's function would likely involve overseeing resolution of individual claims for monetary relief," not resolving class-wide questions of law or fact. *Id.*

Next, the Court reasoned that superiority was also lacking. *Id.* at 798-99. Separate "suits [were] ongoing and the test case [had] progressed to the appellate stage," making that "maturing litigation"—not the putative class actions—"the basis for resolving all of the filed claims." *Id.* at 798. Nor was a class action "necessary to accomplish" centralization of claims within one court because of this Court's exclusive jurisdiction over challenges to the tax at issue. *Id.* And procedures would have to be devised to "resolve discovery and recovery issues on a consolidated basis," regardless of whether a class were certified. *Id.* at 799.

Finally, the Court explained that a class action was unwarranted given that "anyone who wishes to recover the tax has the opportunity to seek its recovery in court through procedures established by Congress for that purpose. Due process was and is available, and is being used by numerous claimants." *Id.* That process would require parties to "gather documentation so that it may be presented to the court" "whether certification occurs or not." *Id.* at 800. And "publicity about" the cases was "broad enough so that claimants" would know "that relief [was] available if they [took] action," even without USCIT Rule 23's class notice procedures. *Id.* Ultimately, the Court "decline[d] to use the class action device to exact expenditure by the United States for" the purpose of refunding "small amounts" to individual claimants; "the test case procedure, already well along, [was] adequate." *Id.*

A class action is even less warranted here. Regarding predominance: Whether an issue predominates depends on what value the resolution of the class-wide issue will have in each

15

class member's underlying cause of action. *See Amchem Products v. Windsor*, 521 U.S. 591 (1997). As in *Baxter*, this is not a case in which class-wide questions will outweigh individual ones. The important common issues—the merits—have already been resolved. *Learning Res.*, 607 U.S. 229. And the remaining issue is not, as plaintiffs say, "whether the government has the authority to reliquidate entries liquidated more than 90 days ago." Mot. 4. As noted above, the relief requested (access to CAPE) does not solve the reliquidation problem. CAPE is an administrative process for refunds, not an authority for refunds in and of itself. The real underlying legal question is to what amount of refund each plaintiff is entitled. *That* is what each putative class member cares about and has standing to pursue. *See* ECF No. 2, Prayer for Relief ¶ g. These individualized determinations cannot be made on a class-wide basis. *See Baxter*, 925 F. Supp. at 798. And there still must be individualized court orders to process or pay refunds for finally liquidated entries because mere access to CAPE does not provide CBP with the authority to violate statutory finality. Thomas Decl. ¶ 12.

Regarding superiority[3]: First, the approximately 4,000 individual plaintiffs (including small business) that have sued thus far strongly indicates that numerous claimants have an interest in controlling and maintaining their own actions.[4] Second, CBP is prepared to begin refunds by August 2026 for those thousands of importers who have brought actions, should the Court order reliquidation in those cases. To now insert a completely different path to refunds

---

[3] The superiority subfactors are (1) "class members' interest in individually controlling the prosecution … of separate actions," (2) the "extent and nature of any litigation concerning the controversy already begun by or against class members," (3) the "desirability … of concentrating the litigation of the claims in the particular forum," and (4) "the likely difficulties in managing a class action." USCIT Rule 23(b)(3)(A)-(D).

[4] *See* ECF No. 81; *Euro-Notions Florida, Inc. v. United States*, No. 25-595, ECF No. 13 (CIT); *AGS*, No. 25-255, ECF No. 42; *Grant & Bowman, Inc. v. U.S. CBP*, No. 25-689, ECF No. 13 (CIT).

16

would only cause confusion and delay.  And given the significant publicity surrounding these cases, there is no credible argument that class notice procedures are needed to alert claimants about the availability of relief.  *Baxter*, 925 F. Supp. at 800.  Third, the ability to centralize litigation in this Court through 28 U.S.C. §§ 1581(i) and 1631 weighs against certifying a class.  Fourth, as framed by plaintiffs, the Court would have no role in the class management.  But for the reasons explained above, plaintiffs' framing does not provide final relief to the class, and so the absence of management difficulties is mere fiction.

Accordingly, the Court cannot certify a Rule 23(b)(3) class even if plaintiffs had requested one.

## **CONCLUSION**

The Court should deny plaintiff's class-certification motion.

DATED: June 25, 2026                                   Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Claudia Burke
CLAUDIA BURKE
Deputy Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

U.S. Department of Justice
Civil Division

Commercial Litigation Branch
PO Box 480, Ben Franklin Station
Washington, DC 20044
(202) 353-9063
claudia.burke@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 5,004 words, excluding the table of contents, table of authorities, any addendum containing statutes, rule or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

/s/ Claudia Burke
CLAUDIA BURKE

18